NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

AUG 4 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| HONGE LIU,<br><br>    Petitioner,<br><br>    v.<br><br>LORETTA E. LYNCH, Attorney General,<br><br>    Respondent. | Nos.  13-72601<br>    14-70395<br><br>Agency No. A099-892-686<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 26, 2016[**]

Before:    SHROEDER, CANBY, and CALLAHAN, Circuit Judges.

Honge Liu, a native and citizen of China, petitions for review of the Board

of Immigration Appeals ("BIA") order dismissing her appeal from an immigration

judge's decision denying her application for asylum, withholding of removal, and

protection under the Convention Against Torture ("CAT") (No. 13-72601), and of

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision
without oral argument.    See Fed. R. App. P. 34(a)(2).

the BIA's denial of her motion to reconsider (No. 14-70395). Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, applying the standards governing adverse credibility determinations created by the REAL ID Act, *Shrestha v. Holder*, 590 F.3d 1034, 1039-40 (9th Cir. 2010), we review for abuse of discretion the denial of a motion to reopen or reconsider, *Cano-Merida v. INS*, 311 F.3d 960, 964 (9th Cir. 2002), and we review de novo due process claims, *Zetino v. Holder*, 622 F.3d 1007, 1011 (9th Cir. 2010). We deny the petition for review in petition No. 13-72601, and we deny in part and dismiss in part the petition for review in petition No. 14-70395.

As to petition No. 13-72601, substantial evidence supports the agency's adverse credibility determination based on Liu's implausible testimony as to documentation of police action with respect to the alleged abortion, and inconsistencies in her testimony as to how she obtained a photograph for her son's notarial birth certificate. *See Shrestha*, 590 F.3d at 1048 (adverse credibility determination was reasonable under the "totality of circumstances"). In the absence of credible testimony, in this case, Liu's asylum and withholding of removal claims fail. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

Substantial evidence also supports the agency's denial of Liu's CAT claim

because it was based on the same evidence found not credible and the record does not otherwise compel the finding that it is more likely than not Liu would be tortured if returned to China. *See Shrestha*, 590 F.3d at 1048-49.

Finally, there was no error in the way the BIA reviewed the decision of the IJ.

As to petition No. 14-70395, the BIA did not abuse its discretion in construing Liu's motion to reconsider as a second motion to reopen and denying it as untimely and number-barred. *See* 8 C.F.R. § 1003.2(c)(2). We do not consider new evidence that was not part of the record before the agency. *See Fisher v. INS*, 79 F.3d 955, 963 (9th Cir. 1996) (en banc) (the court's review is limited to the administrative record).

We reject Liu's contention that the BIA violated her due process rights in denying her motion as untimely and number-barred. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring error to prevail on a due process claim).

We lack jurisdiction to review the BIA's decision not to invoke its sua sponte authority to reopen removal proceedings. *See Mejia-Hernandez v. Holder*, 633 F.3d 818, 823-24 (9th Cir. 2011); *cf. Bonilla v. Lynch*, No. 12-73853, 2016 WL 3741866 (9th Cir. July 12, 2016).

13-72601

We further lack jurisdiction to review Liu's challenge to the BIA's November 4, 2013, order denying her motion to reopen and remand, since she did not timely file a petition for review of that order. *See Stone v. INS*, 514 U.S. 386, 405 (1995) (deadline for filing a petition for review from a final order of removal is "mandatory and jurisdictional").

**No. 13-72601, PETITION FOR REVIEW DENIED;**

**No. 14-70395, PETITION FOR REVIEW DENIED in part;**

**DISMISSED in part.**